170

## ZAREMBA, Plaintiff-Appellee, v CLEVELAND (City) et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20219. Decided May 20, 1946.

Woodle & Wachtel, Cleveland, for plaintiff-appellee.

Lee C. Howley, Law Director, James M. McSweeney, Asst. Law Director, Halle, Haber, Berick and McNulty, Cleveland, for defendants-appellants.

## OPINION

By SKEEL, PJ.

The plaintiff appellee herein filed her motion to dismiss this appeal on questions of law and fact. The appeal was filed on questions of law and fact in this court from a decree of the common pleas court granting a permanent injunction against the defendants-appellants prohibiting the erection of a dwelling house on the property of one of the defendants, adjacent to which is the property of the plaintiff-appellee, in such a manner as to violate the Building Code of the City of Cleveland. The plaintiff filed her petition seeking said injunction, subsequent to January 1, 1945.

The sole question presented by the motion to dismiss on questions of law and fact, is whether or not this court is now

vested with jurisdiction to try chancery cases de novo upon appeal from the court of common pleas.

**Article IV, Sec. 6** of the **Constitution** of Ohio, as amended in 1944, effective January 1, 1945, provides:

"**Sec. 6:** * * * * The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and such jurisdiction as may be provided by law to review, affirm, modify, set aside or reverse judgments or final orders of Boards, Commissions, Officers or Tribunals and of courts of record inferior to the Court of Appeals within the district * * * *."

"All laws now in force, not inconsistent herewith shall continue in force until amended or repealed; provided that all cases, actions or proceedings pending before, as in any board, commission officer, tribunal or court on the first day of January, 1945, shall be heard, tried and reviewed in the same manner and by the same procedure as is now authorized by law. (Adopted Nov. 7, 1944, effective Jan. 1, 1945.)"

The provisions of **Sec. 6**, of **Art. IV** in effect prior to this amendment in part provided:

"* * * * * Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition, and procedendo and appellate jurisdiction in the **trial** of chancery cases and to review, affirm, modify or reverse the judgments of courts of common pleas, superior courts and other courts of record within the district as may be provided by law. * * * *"

Prior to the amendment of 1912, the Constitutional provision on the jurisdiction of the circuit court (predecessor to the court of appeals) was as follows:

**Sec. 6, Art. IV:** "The circuit court shall have like original jurisdiction with the supreme court, and such appellate jurisdiction as provided by law. * * * *." (Amended Oct. 9, 1883).

The statutes passed pursuant to such conditional authority were divided into two chapters of Title V of the General Code. **Sec. 12224 GC** of Chapter I, designated "Appeals" provided:

"In addition to the cases and matters specially provided for, an appeal may be taken to the circuit court by a party or

other person directly affected, from a judgment or final order in a civil action rendered by the common pleas court and of which it had original jurisdiction, if the right to demand a jury therein did not exist, and from an interlocutory order made by the common pleas court or a judge thereof dissolving an injunction, in a case of which it had original jurisdiction."

Sec. 12247 GC of Chapter II, providing jurisdiction in error proceedings provided:

"A judgment rendered or final order made by a court of common pleas or by the superior court of Cincinnati, or by a judge of either of such courts, may be reversed, vacated or modified, by the circuit court having jurisdiction in the county wherein the common pleas or superior court is located, for errors appearing on the record."

Prior to the recodification of the statutes into the General Code these sections were set forth in the Revised Statutes as follows :

Sec. 12224 GC was a part of Sec. 5226 R. S. under subdivision II "Trial on appeal" of Chapter II, headed "Conduct of Trial." Sec. 12447 GC was Section 6709 R. S. under Title IV (error, mandamus and quo warranto). Chapter I headed Jurisdiction and Proceedings in Error.

Sec. 12247 GC as it appears in the supplement as amended, 106 O. L. 307, included the right to bring an error proceeding to the court of appeals directly from the municipal court of Cleveland. .

It is to be noted that until the constitutional amendment of 1912, the legislature had ascribed a very definite meaning to the word "appeal." It meant a retrial of the case by the reviewing court. The right to prosecute error proceedings, that is to have a review of a case seeking to affirm, modify or reverse a judgment or a final order of a trial court was an entirely distinct procedure, separately provided for.

And although the constitutional amendment of 1912 provided for both the right of appeal and the right to an error proceeding in one section, to-wit, Sec. 6 of Art. IV, supra, yet the distinction of what is meant by an "appeal" and a "review" is clearly continued as previously designated by statute. The section (Sec. 6 of Art. IV supra) provides for "appellate jurisdiction in the trial of chancery cases" that is the appeal formerly provided for by statute and "to review, affirm, modify or reverse judgments" that is the error proceeding as

likewise formerly provided. Not until the enactment of Chapter V of the General Code, headed "Appellate Procedure" in 1936, was there any change in designating the distinction between a trial de novo and an error proceeding. Under the amended procedure, the appeal became an appeal on law and fact and an error proceeding an appeal on law.

With this history of the jurisdiction of courts of appeals we now examine the 1944 constitutional amendment to ascertain to what extent it changed the jurisdiction of the court.

It is perfectly clear that as to all cases pending before January 1, 1945, the court's jurisdiction continued as it was before the amendment. It seems to us equally clear that as to all chancery cases filed or commenced in the trial court subsequent to January 1, 1945, there is no right of appeal in the sense that either party may ask for a retrial of the case, that is a trial de novo.

It is argued by the appellees that that part of the amendment which provides "all laws now in force, not inconsistent herewith, shall continue in force until amended or repealed * * *" preserved the right for trials de novo in chancery cases until the legislature acts upon the subject. Certainly by such provision it was not intended to retain in force the provisions of the section of the constitution that the amendment repealed. The word "laws" is not used to include the constitutional provision. The only statutory provision providing for trials de novo was §12224 GC which was held unconstitutional by the supreme court in 1916 in the case of **Wagner v Armstrong, 93 Oh St 443**, wherein the court said:

1. "Sec. 12224 GC, purporting to vest the courts of appeals with jurisdiction in the trial of cases on appeal, is unconstitutional and void. The jurisdiction of the courts of appeals in the trial of cases on appeal is expressly limited by the constitution to chancery cases, and this jurisdiction cannot be enlarged by the general assembly."

2. "All partition cases were originally cognizable in courts of chancery only and must still be regarded as chancery cases and therefore appealable under such terms and procedure as may be provided by law."

The chapter on appellate procedure (supra) adopted in 1936, did not include within its provisions any grant of power to conduct a trial de novo. It does contain sections which were not in conflict with the constitutional provision granting the court power to "review, affirm, modify or reverse the judg-

174

ments etc" of courts of record of inferior jurisdiction. These sections are still in force from which the court now derives its jurisdiction for the trial of error proceedings now designated as appeals on questions of law.

We therefore conclude that by the provisions of **Section 6, of Article IV** of the **Constitution** of Ohio, as amended in 1944, effective January 1, 1945, this court is without jurisdiction to entertain an appeal on questions of law and fact, that is, to conduct a trial de novo in a chancery case, filed on or after January 1, 1945.

LIEGHLEY and MORGAN, JJ, concur.